IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Selective Insurance Company of South Carolina,<br><br>    Plaintiff,<br><br>v.<br><br>George W. Hughes a/k/a George William Hughes a/k/a George W. "Billy" Hughes a/k/a George "Billy" Hughes a/k/a George William Hughes (SCDC No. 00364900) and Betty K. Vandervort, as Personal Representative of the Estate of Michael Kimmerlin a/k/a Michael Wayne Kimmerlin a/k/a Michael W. Kimmerlin, deceased,<br><br>    Defendants. | C/A No. 5:16-cv-1022-JFA<br><br>**ORDER** |

    This case is currently before the Court on Plaintiff Selective Insurance Company's ("Plaintiff") motion to vacate a stay previously ordered by this Court on April 13, 2017.

    This case concerns a coverage dispute as to the application of an insurance policy issued by Plaintiff to Defendant George W. Hughes ("Hughes"). The coverage sought is for an underlying civil action ("tort action") initiated by Defendant Betty Vandervort ("Vandervort") against Hughes for Hughes' shooting and killing of Michael W. Kimmerlin. Hughes was previously tried and convicted of murder in a South Carolina State Court. Hughes is currently pursuing Post-Conviction Relief ("PCR") in the South Carolina Circuit Court. Because of this ongoing petition for relief, Hughes has invoked his Fifth Amendment rights and failed to provide any meaningful deposition testimony for fear of self-incrimination.

    Consequently, Hughes requested and received a stay of all federal proceedings until his PCR

petition had been adjudicated. This decision was made under the assumption that the tort action would also be stayed until the completion of Hughes' PCR hearing. However, the trial judge presiding over the tort action denied a motion to stay and the tort action is currently set to proceed to trial on May 15, 2017. In light of the foregoing, this Court finds it prudent to grant Plaintiff's motion (ECF No. 35) and vacate the previous order (ECF No. 32) staying the case and denying the then pending dispositive motions. Accordingly, those motions are reopened without the need to refile.

The clerk is directed to reopen Plaintiff's motion for summary judgment (ECF No. 25) and Defendant Vandervort's motion for summary judgment (ECF No. 27). The time limitations to file any appropriate responses or replies not yet filed in accordance with Local Civ. Rule 7.06–7.07 (D.S.C.) shall begin to run on the date of the entry of this order.

IT IS SO ORDERED.

May 9, 2017  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge